Case No. 2022-1468

United States Court of Appeals
for the Federal Circuit

---

**RIGGS TECHNOLOGY HOLDINGS, LLC.,**
Plaintiff - Appellant

v.

**CENGAGE LEARNING, INC.,**
Defendants - Appellees

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS IN Civil Action No. 1:21-CV-10778, Honorable Judge Leo T. Sorokin

---

# REPLY BRIEF OF PLAINTIFF - APPELLANT RIGGS TECHNOLOGY HOLDINGS, LLC

Attorneys for Appellants:

Ramey LLP

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923
(832) 900-4941 (fax)

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, counsel for Appellant RIGGS TECHNOLOGY HOLDINGS, LLC (“Riggs”) certifies the following:

1. The full name of every party represented by the undersigned is Riggs Technology Holdings, LLC of 6605 Uptown Blvd NE, Suite 240, Albuquerque, NM 87110.

2. The real party in interest is Riggs Technology Holdings, LLC.

3. Riggs Technology Holdings, LLC has no parent corporation and there is no publicly held corporation that owns 10% or more of the stock of either corporation.

4. The names of all law firms and the partners or associates that appeared for Riggs Technology Holdings, LLC in the district court or are expected to appear in this Court are:

William P. Ramey, III
Ramey LLP

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court’s decision in the pending appeal. See Fed. Cir. R. 47. 4(a)(5) and 47.5(b).

*Riggs Technology Holdings, LLC v. Vagaro Inc.,*
U.S.D.C., S.D.CA – No: 3:21-CV-07927 (TSH) and
Case No. 2022-1469 Appeal pending before this Court

*Riggs Technology Holdings, LLC v. Baker Communications, Inc.*
U.S.D.C., S.D.TX – No: 4:21-CV-00378 (SL)

*Riggs Technology Holdings, LLC v. Relias Learning, LLC.*
U.S.D.C., S.D.N.Y. – No: 1:21-CV-06229 (PGG)

Date: June 13, 2022

/s/ William P. Ramey, III
William P. Ramey, III

## TABLE OF CONTENTS

ARGUMENT IN REPLY ........................................................................1

I. THE ‘067 PATENT CLAIMS A HANDHELD DEVICE THAT WAS NOT CONVENTIONAL OR GENERIC AT THE TIME OF INVENTION. ...........1

II. THE CLAIMED REMOTELY ACCESSING TRAINING USING A HANDHELD DEVICE OF THE ‘067 PATENT IS NOT ABSTRACT BUT RATHER SUFFICIENTLY CONCRETE AND TANGIBLE .........................3

III. THE INVENTIVE ASPECTS OF THE CLAIMED INVENTIONS ARE EVIDENT IN THE CLAIMS ........................................................................

CONCLUSION AND RELIEF SOUGHT ........................................................6

# TABLE OF AUTHORITIES

## Cases

*BSG Tech. LLC v. Buyseasons, Inc.*, 899 F.3d 1285 (Fed. Cir. 2018) ......................4

*DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014)...........3, 4

## TABLE OF ABBREVIATIONS

***Parties***

| | |
|---|---|
| Appellant/Plaintiff | Riggs Technology Holdings, LLC |
| Appellees/Defendants | Cengage Learning, Inc. |

***Patents-in-Suit***

| | |
|---|---|
| The ‘067 patent | U.S. Patent 7,299,067 |

***Defined Terms***

| | |
|---|---|
| District Court | United States District Court for the Northern District of California, the Honorable Judge Leo T. Sorokin |
| Court of Appeals | United States Court of Appeals for the Federal Circuit |

All emphasis in this brief is added unless otherwise indicate.

## ARGUMENT IN REPLY

### I. THE '067 PATENT CLAIMS A HANDHELD DEVICE THAT WAS NOT CONVENTIONAL OR GENERIC AT THE TIME OF INVENTION.

Cengage has attempted to show that the '067 patent simply claims the conventional use of generic devices and technology. Cengage repeatedly mischaracterizes the specification. For instance, Cengage explains a portion of the '067 patent as "applicant wanted to use the existing "wireless technology" to enhance the existing training offered in "connected" or "wired" environments."[1] However, the portion of the specification quoted by Cengage, "improvements in wireless technology *can further* enhance current offerings and online education and current training applications"[2] is forward-looking and is not a statement of the current state-of-the-art.

Cengage quotes and highlights several portions of the '067 specification in an attempt to meld them together in such a way as to show that the '067 specification is simply utilizing conventional devices and technologies. They begin by noting "computers have also allowed for the dissemination of information either to limited groups or to large audiences via such communications channels as local area networks (LANs), wide area networks (WANs), and the Internet."[3] Cengage then

[1] Appellee brief at 4.
[2] Appellee brief at 4, quoting the '067 at 3:61-65 Appx0050.
[3] Appellee brief at 4-5, quoting the '067 at 3:12-16 Appx0050.

goes on to note "PDAs and similar handheld devices can also be linked remotely to networks such as the Internet" and that "the most advanced data-and video-enabled wireless communication devices currently available in the marketplace take the form of a PDA"[4] and that a "Handheld device [] can also be configured with features of combination cellular telephone/PDA devices."[5] However, Cengage has glossed over or simply left out that the specification further explains that "unlike personal computers, which are general purpose devices geared toward refining and processing information, PDAs are designed to capture, store, and display information originating from various sources."[6] In October 2001, various sources were simple things such as access to email, store calendars, and contact databases.[7] The '067 patent specification then goes on to explain that in accordance with the present invention, "it is *anticipated* that such handheld devices will be adapted to receive and process data via CPU 10 and image processing unit 35 for ultimate display as moving images on display unit 18."[8]

Notwithstanding Cengage's attempts to mischaracterize the claims of the '067 patent the '067 patent does not claim what was conventional or generic at the time of invention.

---

[4] Appellee brief at 5, quoting the '067 patent at 3:44-50 Appx0050
[5] Appellee brief at 5, quoting the '067 patent at 10:11-12 Appx0053.
[6] '067 3:52-56 Appx0050.
[7] '067 10:16-18 Appx0053.
[8] '067 10:20-23 Appx0053.

## II. THE CLAIMED REMOTELY ACCESSING TRAINING USING A HANDHELD DEVICE OF THE ‘067 PATENT IS NOT ABSTRACT BUT RATHER SUFFICIENTLY CONCRETE AND TANGIBLE.

The claims of the ‘067 patent are directed to something concrete and tangible, and not to abstract material for at least the reason that the claims of the ‘067 patent provide remote (wireless) data transmission utilizing a handheld device.[9] The present claims, present “an interactive process that enables wireless education, instruction and/or professional development via portable, wireless handheld computer systems.”[10] Users may access the training data so that training “can be achieved virtually anywhere and at anytime.[11] The claims do not try to pre-empt every use of electronic training, but rather recite a specific way to facilitate remote training access allowing training anywhere, anytime rendering the claims patent eligible.[12] Remotely accessing training by using a handheld device is an improvement in communication. Additionally, the patent examiner that determined patentability in the first office action over prior art and any references to prior art in the specification.

[9] ‘067 at 29:2-28 Appx0063.
[10] ‘067 at 4:5-7 Appx0050.
[11] ‘067 at 27:34-35 Appx0062.
[12] *See, e.g., DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1259 (Fed. Cir. 2014).

The claims of the ‘067 patent are patent eligible for reasons as set forth in *DDR Holdings, LLC v. Hotels.com, L.P*[13] namely they do not broadly and generically claim use of a generic computer for simple training. Rather, the claims of the ‘067 patent specify how a user may remotely communicate their training data using a handheld device.[14]

The ‘067 patent's claims are different enough in substance from those in *BSG Tech. LLC v. Buyseasons, Inc.,*[15] in that they are not simply “identity verification, record keeping and providing records” [16] The claims in the ‘067 patent specify that remote communication facilitated by a handheld device are utilized to yield a desired result. A result that is not simply a “fundamental . . . practice long prevalent in our system of commerce”[17] When the limitations of the ‘067 patent’s claims are taken together, the claims recite an invention that is not merely routine or conventional training management but the ability to remotely communicate training data.

The district court found claim 1 of the ‘067 patent abstract, at least in part, as the use of “existing technology (devices which access networks and servers remotely and wirelessly)”[18] However, the district court erred in its factual assumption that

[13] 773 F.3d 1245, 1258-9 (Fed. Cir. 2014).
[14] ‘067 29:2-28 Appx0063.
[15] 899 F.3d 1281, 1285 (Fed. Cir. 2018).
[16] Appellee brief at pg 18.
[17] *BSG Tech. LLC v. Buyseasons, Inc.,* 899 F.3d 1281, 1285 (Fed. Cir. 2018).
[18] Appx0007.

characterized a handheld device as a popular device, well-known, or conventional device in October 2001. There is simply no evidence that a handheld device was popular or that a handheld device even had the ability to transmit training data in October 2001. As before, the patent examiner determined patentability in the first office action over prior art and any references in the specification.

## III. THE INVENTIVE ASPECTS OIF THE CLAIMED INVENTIONS ARE EVIDENT IN THE CLAIMS.

The ‘067 patent claims specify remote, or wireless, access to training data through a handheld device.[19] The district court found that “Nothing in the claims, understood in light of the specification, requires anything other than off-the-shelf, conventional computer, network, and display technology for gathering, sending and presenting the desired information.”[20] However, at the time of invention there was nothing conventional about utilizing a handheld device to remotely access training. The specification tells us that handheld devices were becoming popular, it does not tell us that they were popular or conventional.[21] The ability to provide wireless, remote access to training data utilizing a handheld device was novel in October 2001 and the ‘067 patent was correspondingly granted allowance by the examiner in a first office action allowance.

[19] ‘067 29:2-28 Appx0062.
[20] Appx0007
[21] ‘067 3:25-34 Appx0050.

## CONCLUSION AND RELIEF SOUGHT

The District Court's final judgment should be reversed and the case returned to the District Court because factual issues preclude dismissal at this stage of the litigation.

Date: June 13, 2022

Respectfully submitted,

Ramey LLP

/s/ William P. Ramey, III
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
713-426-3923 (Telephone)
832-900-4941 (Facsimile)

**ATTORNEYS FOR RIGGS TECHNOLOGY HOLDINGS, LLC**

**CERTIFICATE OF SERVICE**

I certify that I served a copy on counsel of record on June 13, 2022, by ECF filing.

By: /s/ William P. Ramey, III
William P. Ramey, III

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(B)**

The undersigned counsel of records for Appellants/Plaintiff, Riggs Technology Holdings, LLC, certifies that this Principal Brief of Appellants/Plaintiff complies with the typeface requirement provided in Rule 32(a)(5) and type-volume limitation provided in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. In preparing this certificate, I relied on word-count program of Microsoft Word. This Brief contains 1110 words.

Dated: June 13, 2022

By: /s/ William P. Ramey, III

William P. Ramey, III
Ramey LLP
Texas State Bar No. 23027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (Telephone)
(832) 900-4941 (Facsimile)
wramey@rameyfirm.com

**ATTORNEYS FOR RIGGS TECHNOLOGY HOLDINGS, LLC**